UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY ACKERS, an individual,<br><br>          Plaintiff,<br><br>v.<br><br>ALEJANDRO MAYORKAS; CENTER FOR DISEASE CONTROL; and GOVERNOR GAVIN NEWSOM,<br><br>          Defendants. | Case No.: 21-CV-1010 JLS (DEB)<br><br>**ORDER: (1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*; AND (2) DISMISSING COMPLAINT**<br><br>(ECF No. 2) |

Presently before the Court is Plaintiff Gregory Ackers's Motion to Proceed *In Forma Pauperis* ("IFP") ("Mot.," ECF No. 2). Plaintiff, proceeding pro se, filed a Complaint alleging that the Center for Disease Control and Prevention's ("CDC") policy of allowing unaccompanied migrant children into California violates the California Administrative Procedure Act ("APA"). *See* ECF No. 1 ("Compl.") at 1. Plaintiff requests that the Court declare the policy to be unlawful and issue an injunction preventing the implementation of the policy. *See id.* at 6. The Court addresses the Motion and the sufficiency of the Complaint below.

**I. Motion to Proceed IFP**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

$402. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the party is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). A federal court may authorize the commencement of an action without the prepayment of fees if the party submits an affidavit, including a statement of assets, showing that the party is unable to pay the required filing fee. 28 U.S.C. § 1915(a).

Plaintiff's motion to proceed IFP indicates that his average monthly income over the past year was $943, and that he has $100 in his bank account. Mot. at 1–2. Plaintiff's monthly expenses total $943. *Id.* Based on these facts, the Court concludes that Plaintiff is unable to pay the requisite fees and costs. Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP.

## II. Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)

Notwithstanding IFP status, the Court must screen every civil action brought pursuant to 28 U.S.C. § 1915(a) and dismiss any case it finds "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoner."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim").

The Court finds that Plaintiff's Complaint is frivolous. A complaint is frivolous when "the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 25–26 (1992). "[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). To determine whether a complaint is frivolous, the court need not accept the allegations as true, but must "pierce the veil of the complaint's factual allegations," *id.* at 327, to

///

determine whether they are "'fanciful,' 'fantastic,' [or] 'delusional.'" *Denton*, 504 U.S. at 33 (quoting *Neitzke*, 490 U.S. at 328).

Plaintiff generally claims that Defendants have committed "deadly & anti-scientific misdeeds." Compl. ¶ 9. Plaintiff alleges that "California[']s border is flooded with illegal alien children, most of who've escaped detention & many of whom carry the Covid-19 virus." *Id.* ¶ 4. Plaintiff claims that these children are "vying to be detained" and "are being used as human puppets by international narcotics & slavery cartels." *Id.* ¶ 7. Plaintiff further alleges that migrant children placed with family members in the United States did not "receive DNA tests conforming [sic] them to any of these putative 'family members'." *Id.* The Court finds that Plaintiff "lacks an arguable basis" for bringing this case. *Neitzke*, 490 U.S. at 325. Plaintiff's allegations are a whirlwind of conspiracy theories that "rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33. Based on the entirety of the Complaint, the Court finds Plaintiff's allegations irrational, delusional, and wholly incredible.

Having determined that the Complaint is frivolous, the Court **DISMISSES** Plaintiff's action. *See Lopez*, 203 F.3d at 1127 n.8.

### III. Conclusion

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion to Proceed IFP, (ECF No. 2) and **DISMISSES WITHOUT PREJUDICE** Plaintiffs' Complaint. Plaintiff **MAY FILE** an amended complaint that remedies the deficiencies outlined above <u>within thirty (30) days</u> of the date on which this Order is electronically docketed. Any amended filing must be complete in itself, without reference to Plaintiff's original Complaint. Any claim not re-alleged in Plaintiff's amended complaint will be considered waived. *See* S.D. Cal. Civ L.R. 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *see also Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled").

Should Plaintiff fail to file an amended complaint within the time provided, the Court will enter a final order dismissing this civil action with prejudice. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated: June 8, 2021

*[signature]*
Hon. Janis L. Sammartino
United States District Judge