UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY ACKERS, an individual,<br><br>                               Plaintiff,<br><br>v.<br><br>ALEJANDRO MAYORKAS; CENTER FOR DISEASE CONTROL; and GOVERNOR GAVIN NEWSOM,<br><br>                             Defendants. | Case No.: 21-CV-1010 JLS (DEB)<br><br>**ORDER DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND**<br><br>(ECF No. 5) |

      Presently before the Court is Plaintiff Gregory Ackers's First Amended Complaint ("FAC," ECF No. 5). Plaintiff, proceeding pro se, filed an amended complaint against Secretary of Homeland Security Alejandro Mayorkas and California Governor Gavin Newsom (collectively, "Defendants"). Plaintiff alleges that Defendants are involved in a scheme related to immigration that involves "Slavery, Concubinage, Indentured Servitude & Child Trafficking." *See* FAC at 1. The Court previously dismissed Plaintiff's complaint as frivolous. *See* ECF No. 4. Having carefully considered Plaintiff's FAC and the applicable law, the Court **DISMISSES** Plaintiff's FAC **WITHOUT LEAVE TO AMEND**.

///

///

**SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)**

## I. Standard of Review

Because Plaintiff is proceeding *in forma pauperis* ("IFP"), his FAC requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2). *See, e.g.*, *Lorretz v. Jewish Fed'n*, No. 12-CV-1055-BEN NLS, 2012 WL 1850957, at *1 (S.D. Cal. May 18, 2012) (screening amended complaint filed by plaintiff proceeding IFP and pro se and noting screening is "mandatory"); *accord Contreras v. Vazquez*, No. 09CV1267-IEG(CAB), 2009 WL 3248088, at *2 (S.D. Cal. Oct. 7, 2009) (noting, as to amended complaint, that, "as the Court indicated when it dismissed in part Plaintiff's original complaint, the Court is under a continuing duty to dismiss an *in forma pauperis* case 'any time' the Court determines that the action 'fails to state a claim on which relief may be granted'" and engaging in screening) (citing 28 U.S.C. § 1915(e)(2)(B)(ii)).

Under 28 U.S.C. § 1915(e)(2), the Court must *sua sponte* dismiss a complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citations omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial

experience and common sense." *Id.*  The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard.  *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). Further, "[w]hile factual allegations are accepted as true, legal conclusions are not." *Hoagland v. Astrue*, No. 1:12-cv-00973-SMS, 2012 WL 2521753, at *3 (E.D. Cal. June 28, 2012) (citing *Iqbal*, 556 U.S. at 678).  Courts cannot accept legal conclusions set forth in a complaint if the plaintiff has not supported his contentions with facts.  *Id.* (citing *Iqbal*, 556 U.S. at 679).

Courts have a duty to construe a *pro se* litigant's pleadings liberally.  *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).  The district court should grant leave to amend if it appears "at all possible that the plaintiff can correct the defect," unless the court determines that "the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000) (en banc) (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990)).

## II.   Plaintiff's Factual Allegations

In his FAC, Plaintiff alleges "that untold thousands of these young females, from all corners of the world, are being illicitly trafficked across international & state borders, for the express purpose of criminality."  FAC ¶ 4.  Plaintiff alleges that "roughly, 25% of detainee/refugees" are victims of sex trafficking. *Id.* at 1.  Plaintiff asserts that "elected & unelected American politicians (alongside their cohorts in a corrupt media) have taken great pains to conceal from the American public; that Slavery, Concubinage, Indentured Servitude & Child Trafficking are being transported across International & U.S. boundaries by the above-named politicians." *Id.*  Plaintiff alleges that "Dft Mayorkas, in acting as an unelected co-conspirator, enacts NEGLIGENCE alongside Dft Newsom in re; these egregious activities." *Id.* ¶ 4 (emphasis in original).  Based on these facts, Plaintiff asserts claims against Defendants for (1) violation of 8 U.S.C. § 1231 (detention and removal of

///

aliens ordered removed); (2) human trafficking in violation of 18 U.S.C. § 2421; (3) breach of contract; (4) breach of fiduciary duty; and (5) negligence.  FAC ¶¶ 3–7.

The Court finds that Plaintiff's FAC is frivolous.  A complaint is frivolous when "the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 25–26 (1992).  "[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  To determine whether a complaint is frivolous, the court need not accept the allegations as true, but must "pierce the veil of the complaint's factual allegations," *id.* at 327, to determine whether they are "'fanciful,' 'fantastic,' [or] 'delusional.'" *Denton*, 504 U.S. at 33 (quoting *Neitzke*, 490 U.S. at 328).

This Court finds no rational factual basis for Plaintiff's claims.  Plaintiff has sued public government figures and alleges a criminal conspiracy of sex trafficking for which there are no tangible alleged facts. *See generally* FAC.  The laws cited do not provide an appropriate cause of action for a private citizen to bring a lawsuit.[1]  The Court finds that Plaintiff "lacks an arguable basis" for bringing this case. *Neitzke*, 490 U.S. at 325.  Plaintiff's allegations are conspiracy theories that "rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33.  Based on the entirety of the FAC, the Court finds Plaintiff's allegations irrational, delusional, and wholly incredible.

///

---

[1] Plaintiff brings claims pursuant to 8 U.S.C. § 1231 and 18 U.S.C. § 2421.  Regarding § 1231, the statute explicitly precludes a private right of action. *See* 8 U.S.C. § 1231(a)(4)(D) (precluding a private right of action to force any state or federal official "to compel the release, removal, or consideration for release or removal of any alien").  Regarding § 2421, nothing indicates a legislative intent to create private causes of action for violations of this statute. *See generally* 18 U.S.C. § 2421.  "[I]ndividuals rarely have an implied private cause of action for violations of criminal statutes." *Tuomela v. Waldorf-Astoria Grand Wailea Hotel*, No. CV 20-00117 JMS-RT, 2020 WL 3490027, at *2 (D. Haw. June 26, 2020) (citations omitted); *see also Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver*, 511 U.S. 164, 190 (1994) ("[W]e refuse[ ] to infer a private right of action from 'a bare criminal statute' . . . [a]nd we have not suggested that a private right of action exists for all injuries caused by violations of criminal prohibitions." (quoting *Cort v. Ash*, 422 U.S. 66, 80 (1975))).

Furthermore, the Court finds that Plaintiff does not have standing to bring the present action. In order to bring a case in federal court, a plaintiff must demonstrate he or she has "standing." U.S. Const., Art. III; *Clapper v. Amnesty Intern. U.S.A.*, 568 U.S. 398, 408 (2013). The United States Supreme Court has explained the concept of standing as follows:

> To establish Article III standing, an injury must be concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling. Although imminence is concededly a somewhat elastic concept, it cannot be stretched beyond its purpose, which is to ensure that the alleged injury is not too speculative for Article III purposes— that the injury is certainly impending. Thus, we have repeatedly reiterated that "threatened injury must be certainly impending to constitute injury in fact, and that [a]llegations of possible future injury" are not sufficient.

*Clapper*, 568 U.S. at 409 (internal citations and quotations omitted). Plaintiff does not allege that he personally experienced any of the violations about which he is complaining. *See generally* FAC. Therefore, Plaintiff lacks standing to assert the present claims. *See Powers v. Ohio*, 499 U.S. 400, 410 (1991) ("[A] litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties."). For this reason, the Court lacks jurisdiction to hear Plaintiff's claims. *Hoffmann v. Pulido*, 928 F.3d 1147, 1152 (9th Cir. 2019) ("[A] dismissal for lack of standing is a dismissal for lack of subject-matter jurisdiction[.]").

Having determined that the FAC is frivolous as a matter of law and Plaintiff lacks standing to bring the asserted claims, the Court **DISMISSES** Plaintiff's FAC. *See Lopez*, 203 F.3d at 1127 n.8.

## CONCLUSION

Based on the foregoing, the Court **DISMISSES** Plaintiffs' First Amended Complaint (ECF No. 5). Because amendment would be futile, dismissal is **WITHOUT LEAVE TO AMEND**. *See Lopez v. Smith*, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) (en banc) (noting that if a claim is classified as frivolous, "there is by definition no merit to the

5

21-CV-1010 JLS (DEB)

underlying action and so no reason to grant leave to amend."). Further, the Court **CERTIFIES** that an IFP appeal from this Order would be frivolous and therefore would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Miller v. Penish*, No. 3:16-CV-3078-AJB-MDD, 2017 WL 1094083, at *5 (S.D. Cal. Mar. 23, 2017) (citations omitted). Because this concludes the litigation in this matter, the Clerk of the Court **SHALL CLOSE** the file.

  **IT IS SO ORDERED.**

Dated: September 13, 2021

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge